CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
Law Offices of Craig B. Friedberg, Esq.
4760 South Pecos Rd., Ste 103
Las Vegas, Nevada 89121
P: (702) 435-7968
attcbf@cox.net

*Attorney for Plaintiff TABITHA OLSON and*
*all others similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TABITHA OLSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>TOO FACED COSMETICS, LLC, a Delaware company,<br><br>                    Defendant. | Case No.: 2:20-cv-00485<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Tabitha Olson brings this class action under the Telephone Consumer Protection Act against Defendant Too Faced Cosmetics, LLC to stop its practice of sending unauthorized text messages promoting its products and services, including sending texts after consumers expressly request that the text messages stop, and to obtain redress for all persons similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.     This case challenges Defendant's practice of sending unauthorized text messages to consumers, including after consumers request that the text messages stop.

2.     Defendant's text messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation, nuisance, loss of time, and invasions of privacy

that result from the receipt of such calls, lost value of cellular services paid for, and a loss of the use and enjoyment of their phones, including wear and tear to their phones' data, memory, software, hardware, and battery components, among other harms.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease sending unsolicited text messages to consumers, as well as an award of actual and/or statutory damages and costs.

## PARTIES

4. Plaintiff Olson is, and at all times relevant to the allegations in the complaint was, a Las Vegas, Nevada resident. Plaintiff received Too Faced Cosmetics' unauthorized text messages while physically located in Las Vegas.

5. Defendant Too Faced Cosmetics is a Delaware company headquartered in New York.

## JURISDICTION & VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant's unauthorized telemarketing scheme was directed by Defendant to Plaintiff in this District as part of a nationwide text messaging campaign regularly involving text messages to other consumers in this District.

## FACTUAL ALLEGATIONS

8. Defendant is a cosmetics company.

9. To increase sales of Too Faced Cosmetics products and services, and as part of a general marketing scheme, Defendant markets its brand using text messages to consumers.

10. This case arises from Defendant's unsolicited text messages to Plaintiff and other consumers, including text messages sent after Plaintiff and other consumers expressly requested that Defendant stop texting them.

11.     In fact, Plaintiff regularly receives unsolicited marketing texts from Defendant notwithstanding Plaintiff's repeated requests that Defendant stop texting her.

12.     For example, on February 14, 2020 at 6:57 am, Defendant sent an unsolicited text message to Plaintiff from short code 71203.  Plaintiff responded to the text message less than an hour later by texting "STOP."  Notwithstanding, Defendant sent Plaintiff another unsolicited text message the same day, only a few hours later, at 10:49 am:



13.     Plaintiff has never provided her consent to Too Faced Cosmetics to send her text messages to her cellular phone number using an automatic telephone dialing system, and even if she had, she subsequently revoked such consent by texting "STOP" in response to many of Defendant's text messages .

14.     Defendant's unsolicited texts were a nuisance that aggravated Plaintiff, wasted her time, invaded her privacy, diminished the value of the cellular services she paid for, caused her to temporarily lose the use and enjoyment of her phone, and caused wear and tear to her phone's data, memory, software, hardware, and battery components.

15.     In sending the unsolicited text messages at issue, Too Faced Cosmetics, or a third party acting on its behalf, utilized an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone

number to be called, using a random or sequential number generator, or to dial telephone numbers from preloaded lists.  This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that the text messages were unsolicited, and that they were sent from a short code, which is consistent with the use of an automatic telephone dialing system to send text messages.

16.     On information and belief, Too Faced Cosmetics, or a third-party acting on its behalf, sent substantively identical unsolicited text messages *en masse* to the cellular telephone numbers of thousands of consumers.  This is evident from the text messages' commercial and generic content, that the text messages were unsolicited, and that they were using an automatic telephone dialing system.

17.     To the extent the text messages were sent on Defendant's behalf to consumers, Defendant provided the third-party access to its records, authorized use of its trade name and devoted short code, otherwise controlled the content of the messages, and knew of, but failed to stop, the sending of the text messages in violation of the TCPA.

18.     Accordingly, Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **ATDS Class:** All persons who, on or after four years prior to the filing of the initial complaint in this action through the date of class certification, (1) were sent a text message to their cellular telephone number by or on behalf of Too Faced Cosmetics, (2) using a dialing system substantially similar to the dialing system used to text message Plaintiff, (3) for a substantially similar reason as Defendant texted Plaintiff.

19.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely

request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

20.   **Numerosity:** The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent unsolicited text messages to thousands of individuals who fall into the Class definition. Class membership can be easily determined from Defendant's records.

21.   **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

22.   **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a)   How Defendant gathered, compiled, or obtained the telephone numbers of Plaintiff and the Class;

b)   Whether the text messages were sent using an automatic telephone dialing system;

c)   Whether Defendant's text messages were sent for the purpose of marketing Defendant's restaurants;

d)   Whether Defendant sent some or all of the text messages without the consent of Plaintiff and the Class; and

e)   Whether Defendant's conduct was willful and knowing such that Plaintiff and the Class are entitled to treble damages.

///

23. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

24. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

25. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

///

///

///

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the ATDS Class)**

26.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 25 of this complaint and incorporates them by reference.

27.     Defendant and/or its agents transmitted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the ATDS Class using an automatic telephone dialing system.

28.     These solicitation text messages were sent without the consent of Plaintiff and the other members of the ATDS Class.

29.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii), and as a result, under 47 U.S.C. §§ 227(b)(3)(B)-(C), Plaintiff and members of the ATDS Class are entitled to a minimum of $500 and a maximum $1,500 in damages for each violation.

**JURY TRIAL DEMAND**

30.     Plaintiff requests a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Olson, individually and on behalf of the Class, prays for the following relief:

a)      An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and her counsel as Class Counsel;

b)      An award of actual and/or statutory damages and costs;

c)      An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)      An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

///

///

1          e)      Such further and other relief as the Court deems necessary.

2    Dated: March 9, 2020

3                                     Respectfully Submitted,

4                                     LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ.

5                                   BY:     */s/ Craig Friedberg*

6                                             CRAIG B. FRIEDBERG, ESQ.
                                       4760 South Pecos Road, Suite 103
                                     Las Vegas, Nevada 89121

7                                           ph: (702) 435-7968

8                                         *Counsel for Plaintiff Tabitha Olson, and all others similarly situated*